## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SERVICENOW, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant ServiceNow, Inc. ("Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

2.      This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Reference |
|---|---|---|
| 1. | 7,209,959 <br> (Exhibit A) | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7209959 <br><br> https://patents.google.com/patent/US7209959B1/en?oq=7%2c209%2c959 |
| 2. | 7,246,351 <br> (Exhibit B) | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7246351 <br><br> https://patents.google.com/patent/US7246351B2/en?oq=7%2c246%2c351 |
| 3. | 8,607,139 <br> (Exhibit C) | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8607139 <br><br> https://patents.google.com/patent/US8607139B2/en?oq=8%2c607%2c139 |

3.      Plaintiff seeks monetary damages.

## PARTIES

4.      DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintaining its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia 30009 (Fulton County).

5.      Based upon public information, ServiceNow, Inc. is a corporation organized under the laws of the State of Delaware.

## JURISDICTION AND VENUE

6.      Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

7.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8.      Defendant is subject to this Court's personal jurisdiction at least because it is incorporated in this State.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1400(b) because Defendant is incorporated in this State.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,209,959

10.      Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

11.      U.S. Patent No. 7,209,959 (the "'959 patent") was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000. *See* '959 patent at p. 1. The '959 patent is titled "Apparatus, System, and Method for Communicating to a Network Through a Virtual Domain Providing Anonymity to a Client Communicating on the

Network."

12.     DataCloud owns all substantial rights, interest, and title in and to the '959 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

13.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '959 patent.

14.     The claims of the '959 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients for, among other reasons, security, traffic management, and routing purposes.

15.     The written description of the '959 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

16.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, and/or sold the products and services described below in a way that infringes.

17.     For instance, as shown in **Exhibit D** (incorporated herein by reference), Defendant has performed at least claim 1 of the '959 patent in connection with its website infrastructure by performing a method comprising: in response to a request by a client to initiate communication with

a destination website; setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client; employing the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client nor the destination server is aware of the employment of the forwarder; employing a controller configured to communicate with the forwarder and a domain name server, wherein the controller queries the domain name server to resolve the name of the destination website associated with the destination server and initiates communication with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver configured to communicate with the controller and the client, wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server; and in response to the controller receiving the answer from the domain name server and initiating communication with the forwarder, initiating the forwarding session.

18.    On information and belief, Defendant has performed all steps of these claims or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the steps recited in the asserted claims. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claims had to be performed in the infringing

manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

19.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

20.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 7,246,351</u>

21.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

22.    U.S. Patent No. 7,246,351 (the "'351 patent") was issued on July 17, 2007 after full and fair examination by the USPTO of Application No. 10/081,921, which was filed on February 20, 2002. The '351 patent is entitled "System And Method For Deploying And Implementing Software Applications Over A Distributed Network." *See* '351 patent at p.1. A Certificate of Correction was issued on November 20, 2007.

23.    DataCloud owns all substantial rights, interest, and title in and to the '351 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

24.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '351 patent.

25.    The claims of the '351 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive

components that improve the deployment and operation of software applications over TCP/IP networks.

26.    The written description of the '351 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

27.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '351 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, and/or sold the products and services described below in a way that infringes.

28.    For instance, as shown in **Exhibit E** (incorporated herein by reference), Defendant has performed at least claim 14 of the '351 patent in connection with its website infrastructure by performing a method for storing and running a software module on a user's client device that provides text files containing embedded program logic for the software module to assemble into a functioning application that provides a graphical user interface for receiving and interpreting user inputs to the client device that enables user interaction with the computer program running on the client device.

29.    On information and belief, Defendant has performed all steps of this claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the steps recited in the asserted claim. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to

utilize the accused functionality, the steps of the asserted claim had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

30.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

31.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III: <u>INFRINGEMENT OF U.S. PATENT NO. 8,607,139</u>**

32.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

33.     U.S. Patent No. 8,607,139 (the "'139 patent") was issued on December 10, 2013 after full and fair examination by the USPTO of Application No. 10/834,595, which was filed on April 29, 2004. The '139 patent is entitled "System and process for managing content organized in a tag-delimited template using metadata." *See* '139 patent at p. 1. A Certificate of Correction was issued on June 24, 2014.

34.     DataCloud owns all substantial rights, interest, and title in and to the '139 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

35.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '139 patent.

36.     The claims of the '139 patent are not directed to an abstract idea and are not limited to

well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve systems and processes for managing content organized in a tag-delimited template using metadata.

37.    The written description of the '139 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

38.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '139 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, or sold the products and services described below in a way that infringes.

39.    For instance, as shown in **Exhibit F** (incorporated herein by reference), Defendant has performed at least claim 8 of the '139 patent in connection with its ServiceNow Form Designer by performing a method that involves displaying a graphical interface based on a metadata template that has an object that represents a structure and an appearance of a web page wherein the object is based on a class stored in a base template, and wherein the graphical interface comprises an input field corresponding to the object and defining an input property of a data entry field and generating a data entry form comprising the data entry field wherein the data entry field is configured to accept input corresponding to content of the object and a web page generator configured to generate the web page based on the metadata template wherein the web page comprises the content represented by the input.

40.    On information and belief, Defendant has performed all steps of this claim or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that

step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the steps recited in the asserted claim. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the steps of the asserted claim had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

41.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

42.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

43.     Plaintiff demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

44.     Plaintiff respectfully requests the following relief:

A.     An adjudication that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.   Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

D.   That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

E.   Any further relief that this Court deems just and proper.

This 9th day of February 2026.

STAMOULIS & WEINBLATT LLC

/s/ *Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel*

Cortney S. Alexander
(application for admission *pro hac vice* forthcoming)
   cortneyalexander@kentrisley.com
   Tel: (404) 855-3867
   Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff