IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIMENSION ORTHO, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ACTIVARMOR, INC.; DIANA HALL; and ACTIVARMOR LLC,<br><br>　　　　　　　Defendants. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Plaintiff Dimension Ortho, Inc. ("Plaintiff" or "Dimension Ortho"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Defendants ActivArmor, Inc., Diana Hall, and ActivArmor LLC (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 12,396,877 ("the '877 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action arises from Defendants' accusations that Dimension Ortho's products infringe the '877 Patent and Defendants' explicit threats to enforce the '877 Patent against Dimension Ortho.

### THE PARTIES

3. Plaintiff, Dimension Ortho, Inc., is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Philadelphia, Pennsylvania.

4. On information and belief, Defendant ActivArmor, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Pueblo, Colorado.

5. On information and belief, Defendant Diana Hall is an individual residing in Port St. Lucie, Florida.  Ms. Hall is the named inventor and owner of the '877 Patent and, on information and belief, is the President, CEO and Founder of ActivArmor, Inc.

6. On information and belief, Defendant ActivArmor LLC is a limited liability company and is a related entity to ActivArmor, Inc. involved in the conduct described herein.

## JURISDICTION AND VENUE

7. This matter is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

8. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

9. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10. This Court has personal jurisdiction over Defendants.  Defendant ActivArmor, Inc. is a Delaware corporation and is therefore at home in this District.  On information and belief, Defendants Diana Hall and ActivArmor LLC have purposefully directed activities at this forum by, *inter alia*, sending correspondence into this District accusing a Delaware corporation of patent infringement and threatening litigation to enforce alleged patent rights.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this District, and a substantial part of

the events giving rise to the claim occurred in this District, including Defendant's enforcement activities directed toward a Delaware corporation.

## FACTUAL BACKGROUND

### A. Dimension Ortho

12. Dimension Ortho is a medical technology company specializing in 3D-printed, custom, waterproof, and hygienic orthopedic casts and braces.

13. Dimension Ortho offers products for distribution through its website, https://dimensionortho.com/.

### B. The Patent-in-Suit

14. On August 26, 2025, the U.S. Patent and Trademark Office issued the '877 Patent, titled "Customizable Fitted Apparatus." A true and correct copy of the '877 Patent is attached hereto as Exhibit A.

15. On information and belief, Defendant Diana Hall is the owner of all right, title, and interest in and to the '877 Patent.

16. On information and belief, Defendants ActivArmor, Inc. and/or ActivArmor LLC are licensees of the '877 Patent and/or are otherwise authorized to enforce it.

### C. Defendants' September 26, 2025 Cease-and-Desist Letter

17. On or about September 26, 2025, counsel for Defendants Diana Hall and ActivArmor Inc. sent a cease-and-desist letter to Dimension Ortho. The letter accuses Dimension Ortho of infringing the '877 Patent through its "manufacture and sale of certain 3D printed 'two sided' casts." A true and correct copy of the September 26, 2025 letter is attached hereto as Exhibit B.

18. The letter specifically alleges that Dimension Ortho's products infringe "at least independent claim 1 of U.S. Patent No. 12,396,877" and may "also further infringe one or more of the other independent claims…as well as one or more of the various dependent claims." (Ex. B at 2, 3).

19. The letter explicitly threatens litigation, stating that a failure to comply with Defendants' demands "will leave ActivArmor Inc. with no choice but to pursue all available legal remedies." (Ex. B at 4).

### D. Defendants' Licensing Proposal and Repeated Litigation Threats

20. Following receipt of the September 26, 2025 cease-and-desist letter (Ex. B), the Parties engaged in a series of communications discussing Defendants' infringement allegations and potential resolution of the dispute.

21. On or about October 10, 2025, counsel for the Parties held a telephone conference to discuss the dispute. During this conference, counsel for Dimension Ortho explained that Dimension Ortho's products do not infringe the '877 Patent and, further, that the patent is invalid in view of prior art.

22. On November 26, 2025, Defendant Diana Hall proposed a licensing agreement to "avoid IP litigation," offering to license the '877 Patent to Dimension Ortho "***for free*** in a collaborative, non-competitive way where both companies stay in their own lanes." A true and correct copy of an email thread containing the November 26, 2025 email is attached hereto as Exhibit C. (Ex. C at 22-23).

23. On or about January 21, 2026, representatives of Dimension Ortho and ActivArmor, including Steve Stubitz and Defendant Diana Hall, met in person to continue discussions regarding a potential resolution of the dispute. (Ex. C at 6-12).

24. Despite these ongoing discussions, the Parties' communications culminated in a February 11, 2026 email from Defendant Diana Hall to Dimension Ortho, in which Defendants escalated their threats of litigation. (Ex. C at 1-2).

25. In this email, Defendants explicitly threatened to seek specific legal remedies, stating that "[a]ny profits generated from products that infringe on ActivArmor's intellectual property are subject to potential seizure through legal action." (Ex. C at 1).

26. Defendants further threatened to interfere with Dimension Ortho's key business relationships by explicitly targeting its partnership with Rothman Orthopaedic Institute. Defendants first noted that "[f]ollowing DO's public announcement of the Rothman opportunity…multiple reputable patent law firms have expressed willingness to represent ActivArmor on a contingency basis," before then claiming the alleged infringement "endangers Rothman's initial $2M investment." (Ex. C at 1-2).

27. Defendants reinforced their threat of litigation, stating "ActivArmor possesses both the resources and the firm intention to pursue patent infringement litigation swiftly and comprehensively." (Ex. C at 1).

    **E.    An Immediate, Real, and Justiciable Controversy Exists Regarding Infringement and Validity of Defendants' Purported Patent**

28. Dimension Ortho denies that it infringes any valid and enforceable claim of the '877 Patent.

29. An immediate, real, and justiciable controversy exists between the Parties concerning whether Dimension Ortho's manufacture and sale of certain 3D printed "two sided" casts either directly or indirectly, literally, under the doctrine of equivalents, or otherwise, that requires a declaration of rights from this Court.

30. An immediate, real, and justiciable controversy exists between the Parties concerning the validity of the '877 Patent that requires a declaration of rights from this Court.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '877 Patent)

31. Dimension Ortho incorporates by reference the allegations of Paragraphs 1 through 30 as if fully set forth herein.

32. An actual and substantial controversy has arisen and exists between Dimension Ortho and Defendants concerning whether Dimension Ortho's products and services infringe any valid and enforceable claim of the '877 Patent.

33. Dimension Ortho has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '877 Patent.

34. Dimension Ortho expressly reserves the right to assert additional grounds of noninfringement, including but without limitation, after conducting further research, after having the ability to conduct discovery, and after the Court has construed the claims.

35. Dimension Ortho seeks a declaratory judgment that making, using, offering to sell, selling, and importing the 3D printed "two sided" casts in dispute does not and will not infringe any valid claim of the '877 Patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '877 Patent)

36. Dimension Ortho incorporates by reference the allegations of Paragraphs 1 through 35 as if fully set forth herein.

37. An actual and substantial controversy has arisen and exists between Dimension Ortho and Defendants concerning the validity and enforceability of the '877 Patent.

38. The '877 Patent and its claims are invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

39. By way of example, and without limitation, at least claims 1-2, 4-9, 12-20 of the '877 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as being anticipated by or obvious in view of a publication describing the Osteoid medical cast ("Osteoid") (attached as Exhibit D).

40. On information and belief, the Osteoid reference was publicly available as of March 23, 2014, which predates the earliest claimed priority date of the '877 Patent (September 12, 2014). The Osteoid reference is, therefore, prior art to the '877 Patent under at least 35 U.S.C. §§ 102(a) and/or 103.

41. The Osteoid reference discloses a custom-fitted, 3D-printed, removable medical cast for immobilizing a limb. The cast is comprised of two shell sections that are joined along longitudinal seams. The shell sections are secured together by inserting a flexible pin connector through aligned connector receivers located on the edges of each shell section, thereby providing structural stability. The Osteoid reference thus teaches, suggests, and motivates each-and-every element of at least claims 1-2, 4-9, 12-20 of the '877 Patent.

42. By way of further example, and without limitation, one or more claims of the '877 Patent are invalid under 35 U.S.C. § 112 for failure to satisfy the written description requirement. The patent's specification fails to demonstrate that the inventor possessed the full scope of the claimed subject matter as of the earliest effective filing date.

43. For instance, independent claim 1 recites a broad, functional limitation requiring that the connector and connector receiver pair "provide structural stability for the device in three directional axes." The specification, however, fails to identify a common structural feature that

would enable a person of ordinary skill in the art to identify the full genus of structures that could perform the claimed function of providing three-axis stability.

44.　　Additionally, independent claim 1 recites the structural limitation that "the first longitudinal edge and the second longitudinal edge on each of the first shell section and the second shell section extend perpendicular to an outer surface of the sidewall."  This limitation lacks adequate written description.  The specification provides no disclosure regarding the purpose, function, or importance of this specific geometric configuration, nor does it distinguish this orientation from any non-perpendicular alternatives.  Thus, a person of ordinary skill in the art reviewing the specification would not have recognized that the inventor possessed or conceived of this specific perpendicular edge orientation as a feature of the invention at the time of filing.

45.　　For at least these reasons, the '877 Patent is invalid.  Dimension Ortho is entitled to a declaratory judgment that the '877 Patent is invalid and unenforceable under 35 U.S.C. §§ 102, 103, and/or 112.

## JURY DEMAND

Plaintiff Dimension Ortho, Inc. hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dimension Ortho, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A.　　A declaration that Dimension Ortho has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 12,396,877;

B.　　A declaration that U.S. Patent No. 12,396,877 is invalid and unenforceable;

C. An order enjoining Defendants, their officers, agents, employees, attorneys, and all other persons in active concert or participation with them, from asserting or threatening to assert that any product or service of Dimension Ortho, its suppliers, or its customers infringes U.S. Patent No. 12,396,877;

D. A finding that this case is exceptional under 35 U.S.C. § 285, and an award to Dimension Ortho of its reasonable attorneys' fees, costs, and expenses incurred in this action; and

E. Such other and further relief as this Court may deem just and proper.

                                                     Respectfully submitted,

Dated: February 19, 2026

*/s/ John D. Simmons*
Dennis J. Butler (#5981)
John D. Simmons (#5996)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Tel: (302) 394-6001
Fax: (215) 965-1331
dbutler@panitchlaw.com
jsimmons@panitchlaw.com

*Attorneys for Plaintiff*
*Dimension Ortho, Inc.*