**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DEIRDRE HERRON, derivatively on behalf of GROCERY OUTLET HOLDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> ERIC J. LINDBERG, Jr., ERIK D. RAGATZ, KENNETH W. ALTERMAN, JOHN E. BACHMAN, MAY KAY HABEN, THOMAS F. HERMAN, CAREY F. JAROS, GAIL MOODY-BYRD, JEFFREY R. YORK, ROBERT J. SHEEDY, JR., and CHARLES C. BRACHER, <br><br> Defendants, <br><br> and <br><br> GROCERY OUTLET HOLDING CORP., <br><br> Nominal Defendant | Case No. |

**MOTION FOR LEAVE**
**TO FILE COMPLAINT UNDER SEAL**

Plaintiff Deirdre Herron ("Plaintiff"), derivatively on behalf of Grocery Outlet Holding Corp. ("Grocery Outlet" or the "Company"), by and through her undersigned attorneys, respectfully moves this Court, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 5.1.3 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware for leave to file the Verified Stockholder Derivative Complaint (the "Complaint") under seal. In support of this Motion, Plaintiff avers as follows:

1.    The Complaint refers to non-public documents Plaintiff obtained through a books and records inspection demand made to Grocery Outlet pursuant to 8 *Del. C.* § 220 (the "Inspection Demand"). The information contained in these documents was designated as confidential by

Grocery Outlet pursuant to a Confidentiality Agreement entered into between Plaintiff and Grocery Outlet on December 2, 2025 (the "Confidentiality Agreement").

2.    The Complaint refers to non-public, confidential information regarding the Company's financial results as well as internal deliberations by its Board of Directors that has been designated as confidential by the Company.  Accordingly, certain information contained in the Complaint should be protected from disclosure and remain confidential.

3.    "[T]he party seeking the…sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *SoftView LLC v. Apple Inc.*, CIV. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012). In the Third Circuit, "the focus of the inquiry is aimed at determining whether the party seeking to protect sealed judicial records has specifically demonstrated the need to keep the materials under seal." *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000).

WHEREFORE, Plaintiff respectfully requests leave of Court to file the Complaint under seal.

Dated: March 26, 2026

Respectfully Submitted,

**BIELLI & KLAUDER, LLC**

*/s/ Ryan M. Ernst*
Ryan M. Ernst (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
rernst@bk-legal.com

*Attorney for Plaintiff*

**OF COUNSEL:**

**POMERANTZ LLP**
Gustavo F. Bruckner
Samuel J. Adams
Ankita Sangwan
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100

**SHUMAN, GLENN & STECKER**
Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, PA 19003
(303) 861-3003

Rusty E. Glenn
600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 861-3003